UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH R. GOMEZ,<br><br>                    Petitioner,<br><br>   v.<br><br>RON HAYNES,<br><br>                    Respondent. | CASE NO. 3:20-cv-05108-BHS-BAT<br><br>**REPORT AND RECOMMENDATION** |

## DISCUSSION

Petitioner has filed a writ for habeas corpus under 28 U.S.C § 2254 challenging his Thurston County Superior Court judgment for first degree murder, first degree assault, and first degree unlawful possession of a firearm in case number 04-1-683-3. Petitioner raises one ground for relief: When the Superior Court issued an order correcting his sentence in 2011, he was not given notice of the right to appeal the order or the right to a resentencing hearing. Dkt. 5.

Respondent contends the Court should dismiss the habeas petition with prejudice because petitioner has already filed a federal habeas petition challenging the same state court judgment; the first petition was dismissed with prejudice; the present habeas petition is therefore a second or successive petition for which petitioner has not obtained permission to file; and the claim he asserts is time-barred by the habeas statute of limitations.

For the reasons below, the Court recommends the present petition for writ of habeas corpus be **DENIED** and the case be **DISMISSED** with prejudice.

## BACKGROUND

A.  **Present Habeas Petition**

In his habeas petition, petitioner contends the Washington Supreme Court erred by remanding his case to the Thurston County Superior Court to enter an order to correct an erroneous firearms enhancement when it should have "remanded for resentencing hearing, and the correction order failed to notify defendant of the right to appeal." Dkt. 5 at 5. Petitioner contends as a result of the remand order,

> on April 13, 2011, the trial court filed an 'nunc pro tunc' order correcting judgment and sentence imposing the 'deadly weapon' enhancement, which failed to notify petitioner of his right to appeal the court's order."

*Id.* at 17. As relief, petitioner requests the Court to "remand to trial court for resentencing hearing." *Id.* at 15. Petitioner also argues the federal habeas statute of limitations should be equitably tolled because he diligently pursued his rights and the trial court's failure to advise him of his right to appeal is an extraordinary circumstance that "stood in his way and prevented him from filing" the present petition in a timely fashion. *Id.* at 19.

Petitioner also acknowledges that he is filing a second or successive federal habeas petition because in 2011, he filed a habeas petition in this Court challenging his Thurston County conviction. However, he argues he is not required to ask the Court of Appeals for the Ninth Circuit for permission to file the present second or successive habeas petition because the trial court's order correcting his sentence on April 13, 2011 is a "new judgment and sentence" as articulated in *Magwood v. Patterson*, 561 U.S. 320 (2010). *Id.* at 21.

REPORT AND RECOMMENDATION - 2

B. **Respondent's Contentions, the State Record and Petitioner's Reply**

The present habeas petition challenges the **sentence** imposed by the Thurston County Superior Court, not petitioner's conviction. Indeed, petitioner does not assert his conviction should be overturned. Rather, he asks the Court to order the state court to resentence him. Thus, while respondent in his response has set forth the state court's findings regarding all of the facts underlying petitioner's criminal convictions, all of the facts need not be repeated here in full.

The Court instead focuses on the sentence originally imposed by the trial court and which the trial court subsequently corrected as to the deadly weapon versus firearm enhancements pursuant to an order issued by the Washington Supreme Court. As to the original sentence the Washington Court of Appeals stated:

> The jury convicted Gomez on all three counts. For counts I and III, the court gave the jury a special verdict form asking, "Was the defendant Keith Rayshawn Gomez armed with a deadly weapon at the time of the commission of the crime?" Clerk's Papers (CP) at 101, 104. The jury answered "yes" on both forms. CP at 101, 104.
>
> Gomez did not object to the verdict forms but, rather, offered ones with the same language. Gomez was sentenced to a total of 791 months confinement. His offender score of nine included one point for his being in community custody at the time of the offenses. He also received two five-year enhancements for being armed with a firearm. Ex. 3 (unpublished opinion), at 1-5.

State Court Record, Dkt 10, Ex. 3 (unpublished opinion) at 1-5. Thereafter petitioner filed numerous personal restraint petitions (PRP) challenging his conviction and sentence. The Washington Supreme Court, in regard to petitioner's third PRP issued a ruling conditionally dismissing the PRP on the condition the trial court correct petitioner's sentence by reducing the two **firearm** sentencing enhancements of 60 months to 24-month **deadly weapon** enhancements. *Id.* Ex. 5 at 8.

REPORT AND RECOMMENDATION - 3

1    Pursuant to the Washington Supreme Court's order the Thurston County Superior Court
2 on April 13, 2011 issued an order correcting petitioner's judgment and sentence and reducing
3 petitioner's 791 month sentence of imprisonment to 719 months of imprisonment. *Id.* Ex. 2
4 (order correcting sentence).

5    On April 4, 2011, petitioner submitted to this Court his first federal habeas petition
6 challenging his Thurston County Conviction and seeking to overturn it. Dkt. 1. *See Gomez v.*
7 *Sinclair*, C11-5258-RJB-KLS). The first habeas petition was not accepted for filing until April
8 27, 2020 as petitioner had originally submitted the habeas petition with a deficient application to
9 proceed in forma pauperis. Dkt. 7. The first habeas petition raised seven grounds for relief
10 challenging the constitutionality of petitioner's state conviction. *Id.* On June 17, 2011,
11 respondent filed an answer to the first habeas petition and submitted numerous exhibits from the
12 state record including the April 13, 2011 Thurston County order reducing petitioner's sentence.
13 Dkt 7 (2011 case).

14    On October 24, 2011, the Court issued a report recommending petitioner's first habeas
15 petition be dismissed with prejudice. Dkt. 27. The report noted petitioner was confined to a term
16 of 719 months based upon the April 13, 2011 order the Thurston County Judge entered reducing
17 his sentence. *Id.* The Honorable Robert J. Bryan adopted the recommendation and issued an
18 order and judgment dismissing the case. Dkt. 30-31. Petitioner appealed and the Court of
19 Appeals for the Ninth Circuit denied issuance of a certificate of appealability. Dkt. 33.

20    On August 12, 2012, petitioner filed a motion under Fed. R. Civ. P. 60(b) challenging the
21 district court's dismissal of his habeas petition. Dkt. 37. The district court denied the 60(b)
22 motion and the Court of Appeals for the Ninth Circuit again denied issuance of a certificate of
23 appealability. Dkt. 39. On February 19, 2013, the Supreme Court denied certiorari.

REPORT AND RECOMMENDATION - 4

1    From 2013 to the present, petitioner filed six additional PRP's challenging the Thurston
2  County conviction and sentence. The state courts dismissed each PRP on the grounds they were
3  untimely. Dkt. 9 at 6-11 (Response listing PRP's).
4    On April 29, 2020, petitioner filed a reply to respondent's answer to the present habeas
5  petition. Dkt. 11. In his reply, petitioner states that he received a copy of the April 13, 2011 order
6  correcting his sentence and is therefore not claiming he was not aware of it. *Id.* at 3. However,
7  petitioner contends the order did not include "notice of his right to appeal the order, because his
8  appeal rights were <u>not</u> included in the order of correction of judgment and sentence." *Id.*
9  Petitioner contends the Court should consider his second or successive petition as timely because
10 the failure to advise him of his right to appeal is a "fundamental miscarriage of justice" under
11 *McQuiggan v. Perkins,* 569 U.S. 383 (2013) and he is also entitled to equitable tolling.
12   Petitioner also contends he filed his first habeas petition before the April 13, 2011
13 sentencing and the Honorable Robert J. Bryan mistakenly thought the 719 month corrected
14 sentence imposed in 2011 was the original sentence imposed in 2004. Petitioner argues
15 respondent is incorrect his present habeas petition is second or successive under *Burton v.*
16 *Stewart,* because that case did not involve a petitioner who claimed he was not informed of his
17 right to appeal. *Id.* at 5. Petitioner contends he did not challenge the 2011 order correcting his
18 sentence because he was never told he could appeal the order and that he therefore does not
19 "need 'authorization' from the ninth circuit under 28 U.S.C. 2244(b)(3). *Id.* at 6.  He further
20 contends the 2011 order correcting sentence is an "intervening judgment" and thus not barred by
21 the proscription on filing second or successive habeas petitions. *Id.* at 8.
22   Petitioner also argues the 2011 order correcting his sentence "structurally changed his
23 sentence" and that in combination with the lack of notice of right to appeal is an "extraordinary

REPORT AND RECOMMENDATION - 5

circumstance" that is "beyond the control and unavoidable even with diligence" under *Holland v. Florida*, 130 S.Ct. 2549 (2010). *Id.* at 7.

And finally, petitioner argues that because he presented the lack of notice of right to appeal in three PRPs filed in the state court that respondent forfeits objection to the claim now because respondent never filed responses to the PRPs in the state courts. *Id.* at 10.

**DISCUSSION**

This case turns on whether the Court should dismiss the present habeas petition as untimely and barred by the statute of limitations, and because it is a second or successive habeas petition and petitioner has not received permission from the Court of Appeals for the Ninth Circuit to proceed with the present matter.

A.   **Habeas Statute of Limitations**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally ends and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review

1 or the direct review process terminates prior to reaching the state's highest court, however, the
2 judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012);
3 *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms
4 the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the
5 state supreme court, the direct review process concludes upon expiration of time for seeking
6 review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S.
7 Ct. at 653-54.

8 Petitioner acknowledges this habeas petition was filed outside the statute of limitations
9 and is thus subject to dismissal because it is untimely. Here, petitioner challenges a corrected
10 sentence imposed in 2011. Since 2011 he filed numerous state PRPs which were dismissed as
11 untimely and thus did not toll the federal habeas statute of limitations. He also filed a federal
12 habeas petition in 2011 in which he could have challenged the corrected sentence imposed in
13 2011 but did not. His present habeas petition filed in 2020 is thus far outside the habeas statute of
14 limitations and should be deemed as untimely.

15 While petitioner acknowledges his habeas petition is untimely, he argues the Court
16 should nonetheless consider the habeas petition for equitable reasons under *Holland v. Florida*
17 and because the failure to give him notice of the right to appeal is a "fundamental miscarriage of
18 justice" under *McQuiggan v. Perkins,* 569 U.S. 383 (2013).

19 The *McQuiggan* decision is inapplicable. In that case the Supreme Court addressed
20 whether "actual innocence" can overcome the federal habeas statute of limitations. *Id.* at 384.
21 The present petition does not claim petitioner is actually innocent. Rather the sole ground for
22 relief raised regards the reduction in the sentence petitioner received in 2011, and the sole relief
23

REPORT AND RECOMMENDATION - 7

requested is a remand of the matter to the state court for a resentencing hearing. Accordingly, the *McQuiggan* decision does not provide a basis for relief.

### B. Equitable Tolling

The present habeas petition is untimely. The Court thus considers whether there are equitable grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

The record shows petitioner knew about or should have known about the factual and legal grounds for his claim in 2011 when he filed his first federal habeas petition. The record shows that there was no external barrier outside of petitioner's control that prevented him from raising the present claim in the first habeas petition that he filed in 2011.

Petitioner acknowledges the Thurston County Superior Court provided him with a copy of the order correcting his sentence. He thus was aware of the corrected sentence. After petitioner's first habeas petition was accepted for filing – which was after the corrected order was issued– and served on respondent, respondent filed an answer also noting the corrected sentence entered in 2011. The corrected sentence favored petitioner because it reduced the enhancement portion of his sentence. Petitioner thus knew or should have known about the corrected 2011 sentence and had the opportunity to include a claim challenging the corrected sentence by amending his first petition he filed and adding it as a claim. He could have challenged the corrected sentence in his first habeas petition and argue, as he does here, the federal court should reverse the sentence and remand the case to the state court for a new sentencing hearing. He did not. Instead he focused in his first habeas petition on whether his conviction should be overturned. Thus, despite being in possession of the factual and legal bases for the claim he now brings, petitioner waited until 2020 before filing the present habeas petition. There are no equitable reason, extraordinary circumstance, or statutory exceptions that obviate the untimeliness of the petition and the Court accordingly recommends it be dismissed.

**B.   Second or Successive Habeas Petition**

A federal habeas petitioner challenging a state criminal conviction must obtain permission from the Court of Appeals for the Ninth Circuit before filing a second or successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); 28 U.S.C. § 2244(b)(3)(A). If the petitioner does not obtain permission, the District Court is without jurisdiction to entertain the second petition. *Burton*, 549 U.S. at 153.

Petitioner contends the present petition is not second or successive under *Magwood v. Patterson*, 561 U.S. 320 (2010). In *Magwood*, the Supreme Court held a habeas petition is not

"second or successive" under § 2244(b) if it challenges for the first time a "new judgment intervening between the two habeas petitions." *Id.* at 341–42. The Court in *Magwood* did not define what constitutes a "new judgment." However, the Ninth Circuit directs District Courts to look to the applicable state law to determine whether a change in a state criminal sentence creates a "new judgment." *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020). Critical to this inquiry is whether the state court action "replaces an invalid sentence with a valid one." *Id.*

Because invalidity is a linch-pin, the Court in *Colbert*, examined what constitutes an invalid sentence under Washington law. The Court of Appeals stated that "in Washington, only sentencing errors stemming from a trial court exceeding its statutory authority render a sentence judgment invalid." (citation omitted). *Id.* The petitioner in *Colbert* challenged a new judgment ordering him to pay restitution. The Court of Appeals found no indication the Washington State Court exceeded its legal authority by ordering *Colbert* to pay restitution "such that removing this restitution requirement 'replace[d] an invalid sentence with a valid one.'" *Id.* at 1237 (citation omitted).

In this case, the record does not establish the trial court exceeded its statutory authority in imposing the original sentence. The trial court imposed 60-month firearm enhancements based upon the jury's finding petitioner committed the murder and assault while armed with a "deadly weapon." Dkt. 10 Ex. 2. The Washington Supreme Court issued a ruling conditionally dismissing petitioner's PRP. In the conditional dismissal, the Washington Supreme Court held after petitioner was sentenced it issued a decision in *State v. Williams-Walker*, 167 Wn.2d 889 (2010) which affected the enhancement portion of petitioner's sentence. In specific, the jury found petitioner was armed with a deadly weapon; the Washington Supreme Court consequently concluded under *Willams-Walker* petitioner should receive the deadly weapon enhancement of

1  24 months, rather than the firearms enhancement of 60 months. The Washington Supreme Court

2  ordered "the remedy is correction of the sentence to impose only deadly weapon enhancements."

3  *Id.*

4  Pursuant to the Washington Supreme Court's ruling conditionally dismissing petitioner's

5  PRP, the Thurston County Superior Court reduced the 60-month firearm enhancements to 24-

6  month deadly weapon enhancements. Dkt. 10, Ex. 2. Petitioner argues this is a "new judgment."

7  While it is literally "new" in the sense it is a different judgment than the judgment originally

8  entered it is not "new" for purposes of whether the present habeas petition is second or

9  successive. As the Court in *Colbert* discussed, "new" judgments under Washington State law

10 arise only where the trial court exceeds its statutory authority in entering the first judgment

11 thereby rendering the judgment invalid.

12  The Thurston County Superior Court did not exceed its statutory authority in imposing

13 the enhancement at the first sentencing. Under Washington law a firearm enhancement carries

14 60-months and a deadly weapon enhancement 24-months. The evidence in the case established

15 petitioner was armed with a firearm. The trial court did not impose enhancements exceeding the

16 maximum allowed for a firearm enhancement. Rather the defect the Washington Supreme Court

17 identified reflected how the jury was instructed to find whether petitioner was armed with a

18 deadly weapon (which included a firearm) but was not instructed to find whether petitioner was

19 armed with a firearm. Because the jury found petitioner was armed with a deadly weapon, the

20 Washington Supreme Court ordered the remedy was to correct the sentence to reflect the deadly

21 weapon enhancement.

22  Because the enhancement is set by statute the Washington Supreme Court's order

23 directing correction of sentence left the trial court with no discretion in issuing the order

REPORT AND RECOMMENDATION - 11

1 | correcting the sentence in 2011. The trial court was directed to correct the sentence to reflect the
2 | deadly weapon enhancement, and that correction involved a statutorily set period of
3 | imprisonment for the enhancement. *See State v. Williams-Walker*, 167 Wn.2d. at 897( "Former
4 | RCW 9.94A.510(3), (4) 2001, specified two separate sentence enhancements: five years when a
5 | firearm was used to perpetrate a class A felony and two years when a "deadly weapon other than
6 | a firearm" was used to commit a class A felony.").

7 |     The Supreme Court's order of conditional dismissal also rejected petitioner's argument
8 | that no deadly weapon enhancement should be imposed and instead ordered the remedy is
9 | correction, not resentencing, of the sentence to impose only the deadly weapon enhancement.
10 | Dkt. 10, Ex. 2. The sentence correction was thus ministerial, not "structural" as petitioner
11 | claims, in that the trial court lacked discretion to alter any portion of the sentence imposed except
12 | for the enhancement reduction set by statute, was not allowed to make any discretionary
13 | judgment calls or make any new independent findings of fact that might alter the sentence, and
14 | instead was directed to reduce the enhancements from 60 months to 24 months. The Court
15 | accordingly concludes the state court's April 13, 2011 order correcting petitioner's sentence is
16 | not a "new judgment" and the present habeas is second or successive.

17 |     There is another reason why *Magwood* is inapplicable to petitioner's case. The Court in
18 | *Magwood* noted when there are two state judgments in place at the time the first federal habeas
19 | petition is filed, then the first habeas petition challenges both judgments. Under these
20 | circumstances, the second judgment cannot be deemed to be a "new" judgment that falls outside
21 | the bar on filing a second or successive habeas petition. *Magwood v. Patterson*, 561 U.S. at 338-
22 | 39. The *Magwoord* Court noted this circumstance stands in contrast to the situation where a
23 |

"new" judgment is entered after the first habeas matter has concluded, i.e. where there is a "new" judgment intervening between the two habeas petitions." *Id.* at 341–42.

Here, no new intervening judgment was entered after the first habeas petition petitioner filed and the present petition. Rather, by the time the first petition was accepted for filing, or even served on respondent, the 2011 order correcting the sentence had already been entered. Both petitioner and respondent knew this. Respondent noted the second judgment it in its pleadings and the Court acknowledged it in the report and recommendation filed in the first habeas matter.

The fact petitioner in 2011 knew or should have known about the order reducing his sentence is of import because it establishes the claim for relief that he now presents is not based upon newly discovered evidence that was not discoverable, or based upon new law made retroactive on collateral review. The Court rejects petitioner's argument that the lack of notice of right to appeal is new evidence or an exceptional circumstance. Petitioner knew about the order correcting the judgment and if he wished to overturn the reduced sentence that was ordered in 2011 he could have raised the issue in his first habeas petition. He did not and thus the Court concludes there is no exception or equitable reason that circumvents the bar on this Court's ability to consider the present second or successive petition.

Accordingly, the Court concludes the bar on filing a second or successive petition without permission of the Court of Appeals applies and the second petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing

REPORT AND RECOMMENDATION - 13

of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree petitioner's petition is second or successive, that he has not obtained permission from the Court of Appeals to file a second or successive petition and that the present petition was filed outside the statute of limitations and should be dismissed as untimely.  Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **NOVEMBER 18, 2020.** The Clerk should note the matter for **NOVEMBER 20, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.

/

/

Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 15